IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BARTOLO IBARRA-MORALES,           :
                                  :
        Petitioner                :
                                  :
    v.                            :   CIVIL NO. 3:CV-17-1017
                                  :
WARDEN CRAIG LOWE,                :   (Judge Conaboy)
                                  :
        Respondent                :

## MEMORANDUM

Bartolo Ibarra-Morales filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Bureau of Immigration and Customs Enforcement (ICE) presently at the Pike County Prison, Lords Valley, Pennsylvania. Named as Respondent is Warden Craig Lowe of the Pike County Prison. Service of the petition was previously ordered.

Petitioner, a native of Mexico, states that he attempted to enter the United States with his wife and minor children on August 15, 2016 at San Ysidro, California without a valid entry document. His request for asylum/removal proceeding was still pending at the time this matter was initiated.

Ibarra-Morales alleged that because there is no likelihood that he will be deported in the foreseeable future, his continued indefinite detention by the ICE pending completion of his removal proceedings was unconstitutional pursuant to the

1

standards announced in Demore v. Kim, 538 U.S. 510, 531 (2003) and Zadvydas v. Davis, 533 U.S. 678 (2001). As relief Petitioner sought an individualized bond hearing.

## Discussion

On October 19, 2017, Respondent filed a "Suggestion of Mootness." Doc. 7, p. 1. The notice states that Petitioner was transferred to the State of Nevada and then released on bond. Accordingly, Respondent contends that since the relief sought by his pending action has been granted by ICE, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be

2

extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Petitioner sought an individualized bond hearing before an immigration judge. See Doc. 1, p. 14. A submitted copy of a notice issued by ICE in Petitioner's case confirms that he was released on bond from ICE custody on or about September 18, 2017. See Doc. 7-1, p. 2. Since Petitioner is no longer being detained by ICE, under the principles set forth in Steffel, Ibarra-Morales' instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: November 1, 2017